IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHERMAN ROBINSON | ) CASE NO. 1:25 CV 00616 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| CUYAHOGA COUNTY COURT OF COMMON PLEAS, et al., | ) MEMORANDUM OPINION AND ORDER |
| Defendants. | ) |

I. Introduction

*Pro se* plaintiff Sherman Robinson filed this *in forma pauperis* civil rights action under 42 U.S.C. §1983 against the Cuyahoga County Court of Common Pleas, Clerk of Clerks Nailah K. Byrd, Prosecuting Attorney Michael C. O'Malley, and Judge Daniel Gaul (Doc. No. 1). In his brief complaint, Plaintiff alleges that the defendants "[were] part of the wrongful conviction and malice prosecution on June 30, 2022, and February 26, 2021." (*Id.* at 4). He further alleges that he was wrongfully convicted "for a crime by a bais [sic] Judge Daniel Gaul and sent to prison under his misconduct and prejudice who showed no impartiality." (*Id.* at 5). Plaintiff lists the Fourth, Fifth, Sixth, and Fourteenth Amendments as the basis for jurisdiction. (*See id.* at 3).

Plaintiff attaches to his complaint the following: (1) a copy of a news article announcing "Ohio Supreme Court kicks Cuyahoga County Judge Daniel Gaul off the bench over

misconduct" (Doc. No. 1-1); (2) a partial copy of a decision by the Ohio Eighth District Court of Appeals reversing Plaintiff's conviction for gross sexual imposition in Cuyahoga County Court of Common Pleas Case No. CR-21-656630 (Doc. 1-2); (3) a letter from Attorney Jonathan Garver (Doc. No. 1-3); (4) a letter addressed "To Whom It May Concern" regarding Plaintiff's alleged wrongful incarceration claim (Doc. 1-4 at 1); and (5) a journal entry from his conviction in Case No. CR-21-656630 containing handwritten Case Nos. "677008, 677584, 677780." (*Id.* at 2-3).

In his request for relief, Plaintiff seeks $2.5 million dollars in damages for the loss of his house, car, job, family, "and the pain and suffering [he has] endured [and] defamation of character." Plaintiff also asks the Court to "clean [his] criminal history." (Doc. No. 1 at 5).

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application by separate order.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim

upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

#### A. Pleading Requirements

As an initial matter, the complaint consists only of bare, conclusory assertions, providing no facts upon which a court could find Defendants engaged in any wrongdoing.

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not

"abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard, as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint is almost completely devoid of facts, and it fails to connect any alleged occurrence to any specific, cognizable injury. Additionally, Plaintiff fails coherently to identify how each defendant has harmed him. Plaintiff's statements that the defendants "were part of the wrongful conviction" and Judge Gaul was "biased" are conclusory at best. Plaintiff's pleading is nothing more than a mere "unadorned, the

defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. The complaint therefore fails to meet the minimum pleading requirements of Rule 8 and must be dismissed on this basis.

### B. 42 U.S.C. § 1983

Moreover, even if Plaintiff satisfied Rule 8 pleading requirements, to the extent Plaintiff is asserting claims pursuant to 42 U.S.C. § 1983, Plaintiff has failed to state a claim for relief against any of the defendants.

To the extent Plaintiff alleges claims against the Cuyahoga County Court of Common Pleas, Plaintiff fails to state a plausible claim for relief. Absent express statutory authority, courts are not *sui juris*, meaning they are not an entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-cv-00123, 2018 U.S. Dist. LEXIS 93697, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court was not *sui juris*). Therefore, Plaintiff's purported claims against the Cuyahoga County Court of Common Pleas fail as a matter of law.

And to the extent Plaintiff alleges claims against Judge Gaul, Prosecutor O'Malley, or Clerk of Courts Nailah Byrd, these defendants are immune from suit.

It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed

at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, Plaintiff claims that Judge Gaul lacked impartiality and engaged in misconduct during the course of his conviction and sentence in Common Pleas Court.[1] Because this purported misconduct, or allegedly biased decisions, occurred while Judge Gaul was presiding over Plaintiff's criminal proceedings, the first exception to immunity does not apply. Additionally, because criminal cases fall within the subject matter jurisdiction of the Common Pleas Court, the second exception does not apply. Therefore, even if the decisions or conduct of Judge Gaul of which Plaintiff complains were in error or otherwise improper, Judge Gaul is entitled to absolute judicial immunity. *See Jackson v. Gaul*, No. 1:24-cv-1641, 2024 WL 5088421, 2024 U.S. Dist. LEXIS 224684 (N.D. Ohio Dec. 12, 2024); *Jackson v. Cuyahoga Cnty. Common Pleas Ct.*, No. 1:23-cv-2388, 2024 WL 1282700, 2024 U.S. Dist. LEXIS 53251 (N.D. Ohio Mar. 26, 2024).

To the extent the Court can construe a claim against Prosecutor O'Malley, he also enjoys

---

[1] The Court's review of the Cuyahoga County Court of Common Pleas docket reveals that Judge Gaul presided over Plaintiff's criminal proceedings in Case No. CR-21-656630. This conviction was later reversed on appeal. (*See* Doc. No. 1-2). Judge Gaul also presided over Plaintiff's three additional criminal cases (Case Nos. CR-22-677008, CR-23-677584, and CR-23-677780), for which Plaintiff is currently serving a prison term.

immunity in this action. Prosecutors are absolutely immune from liability under Section 1983 for their conduct in "'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). So long as the prosecutor was engaged in prosecutorial functions, he or she is absolutely immune regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper motive. *See Imbler*, 424 U.S. at 427 & n.27, 431 & n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986) (prosecutor immune after "knowingly obtaining issuance of criminal complaints and arrest warrants . . . based on false, coerced statements"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse).

Here, Plaintiff's only allegation concerning Prosecutor O'Malley is that the prosecutor was "part of the wrongful conviction and mali[cious] prosecution." A prosecutor's decision regarding pretrial proceedings, investigations, and whether to initiate a prosecution are typical prosecutorial functions for which a prosecutor is immune from suit, even if the decisions were made maliciously, in bad faith, or with an improper motive. And Plaintiff presents no facts suggesting Prosecutor O'Malley acted outside the confines of his prosecutorial role. Prosecutor O'Malley is therefore absolutely immune from suit.

Finally, to the extent the Court can construe a claim against the Clerk of Courts, she enjoys immunity as well. Judicial immunity may be extended to non-judicial officers, like the Clerk of Courts, who perform in a quasi-judicial capacity. *See Bush v. Rauch*, 38 F.3d 842, 847

(6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The fact that an error is made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Court clerks and other court officials and employees have therefore been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding. *See, e.g., id.* (court clerk); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerk); *Bush*, 38 F.3d at 847 (court administrator and referee).

Here, once again, the only allegation concerning Clerk of Courts Byrd is that she was "part of the wrongful conviction and mali[cious] prosecution." Presumably, the clerk of courts' alleged conduct occurred during the performance of her official quasi-judicial functions, either in connection with Plaintiff's prosecution or his conviction. And Plaintiff does not allege any facts plausibly suggesting that the Clerk of Courts took action falling outside the scope of her quasi-judicial immunity. Clerk of Courts Byrd is therefore absolutely immune from suit.

### IV. Conclusion

For the foregoing reasons, the Court dismisses this action pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

_____
DONALD C. NUGENT
United States District Judge

DATED: June 12, 2025